# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| **Vilma Mena, as Administratrix of the Estate of Jose Luis Mena, Jr.,** | Case No.: 4:06-cv-02536-TLW-TER |
| Plaintiff, | |
| v. | **PETITION FOR APPROVAL OF SETTLEMENT** |
| **Lack's Beach Service, Inc. and Peter Dorn,** | |
| Defendants. | |

Petitioner, Vilma Mena, would respectfully show to this court that:

1. She is the duly appointed personal representative of the Estate of Jose Luis Mena, Jr., deceased.

2. Petitioner believes that she, as personal representative of the decedent's estate, and the statutory beneficiaries of the estate have causes of action against the defendants Lack's Beach Service and Peter Dorn (hereinafter, "the defendants") as a result of the drowning of Jose Luis Mena, Jr. on June 11, 2005 at Myrtle Beach, South Carolina, all of which is more fully set forth in the complaint on file with this court bearing case number 4:06-cv-02536-TLW. Defendants Lack Beach Service and Peter Dorn deny any liability for the drowning of Jose Luis Mena, Jr.

3. The defendants are covered by a commercial general liability policy with First Financial Insurance Company in the amount of $1,000,000.00.

4. The defendants and First Financial Insurance Company have offered to settle all claims with the petitioner by the payment of the total sum of four hundred thousand dollars and 00/100 ($400,000.00) dollars by or on behalf of Lack's Beach Service, Peter Dorn, First Financial

Petition for Approval of Settlement
4:06-cv-02536-TLW-TER

Insurance Company, their employees, agents, representatives, officers, directors, attorneys, insurers, carriers, sureties, reinsurers, subsidiaries, successors and assigns, affiliates, owners, partners, partnerships, members, principals, and heirs (hereinafter, "the released parties") for a full and complete release and dismissal with prejudice of the above-referenced complaint.

5. The petitioner represents that the decedent's mother and father, who are living, are the statutory beneficiaries for the wrongful death. Petitioner further represents that as to the survival action, the decedent had no will.

6. The petitioner represents that there are no creditors, nor any outstanding claims against the decedent's estate.

7. The petitioner has retained legal counsel and lists below the terms and provisions with respect to attorney's fees and costs:

(a) $120,000.00 attorney's fees to Rogers Townsend & Thomas, PC

(b) $30,000.00 attorney's fees to Herbert W. Auger, P.A.

(c) $99,202.63 reimbursement of costs to Rogers Townsend & Thomas, PC

(d) $150,797.37 to Vilma Mena as Administratrix of the Estate of Jose Luis Mena, Jr.

(e) Rogers Townsend & Thomas took the case pursuant to a 40% contingency fee, with a 75%/25% fee split between Rogers Townsend & Thomas and Herbert W. Auger, P.A., if suit was filed. Herbert W. Auger, P.A. has waived $10,000.00 of its fee and all of its costs; Rogers Townsend & Thomas has waived $7,973.59 of additional costs. Petitioner has agreed that Rogers Townsend & Thomas, P.C. shall be reimbursed for any additional costs to be incurred with the approval of the settlement, including mileage, so long as the net to petitioner is $150,000.00 (One Hundred Fifty Thousand and No/100ths Dollars).

(f) $375,000.00 (Three Hundred Seventy-Five Thousand and No/100ths Dollars) shall be apportioned to the statutory beneficiaries for the wrongful death action; and

(g) $25,000.00 (Twenty-Five Thousand and No/100ths Dollars) shall be apportioned to the estate for the survival action.

8. Petitioner believes that the proposed settlement is fair and just and that it would be in the best interests of the estate and the statutory beneficiaries to accept this settlement without the uncertainty, additional delay, and expense of further litigation against the defendants.

9. The petitioner understands that if the proposed settlement is approved, the petitioner, the estate, and the statutory beneficiaries would be forever barred from making any further claims against the released parties for any and all actions, causes of action, demands and/or claims of any nature which petitioner, the estate, or the beneficiaries have or may have in the future against the released parties on account of or in any way arising out of the incident that allegedly occurred on June 11, 2005 and that is more fully set forth in the above-referenced complaint.

10. Petitioner understands and agrees that this settlement is the compromise of doubtful and disputed claims and that the payment made in the settlement hereof is not to be construed as an admission of liability on the part of the defendants nor the released parties, all of whom deny liability of any nature or kind.

11. Petitioner further represents that she will pay and/or extinguish all subrogation or lien holder interest as to any claim herein released, including but not limited to any and all medical liens, Medicaid liens, healthcare liens, healthcare insurance liens, funeral expense liens, and any other liens including past, present, and future liens and further agrees to forever hold harmless, indemnify, and defend the defendants and the released parties as to any claims herein released which have existed, now exist, or may later come into existence against any of the defendants and

(f) $375,000.00 (Three Hundred Seventy-Five Thousand and No/100ths Dollars) shall be apportioned to the statutory beneficiaries for the wrongful death action; and

(g) $25,000.00 (Twenty-Five Thousand and No/100ths Dollars) shall be apportioned to the estate for the survival action.

8. Petitioner believes that the proposed settlement is fair and just and that it would be in the best interests of the estate and the statutory beneficiaries to accept this settlement without the uncertainty, additional delay, and expense of further litigation against the defendants.

9. The petitioner understands that if the proposed settlement is approved, the petitioner, the estate, and the statutory beneficiaries would be forever barred from making any further claims against the released parties for any and all actions, causes of action, demands and/or claims of any nature which petitioner, the estate, or the beneficiaries have or may have in the future against the released parties on account of or in any way arising out of the incident that allegedly occurred on June 11, 2005 and that is more fully set forth in the above-referenced complaint.

10. Petitioner understands and agrees that this settlement is the compromise of doubtful and disputed claims and that the payment made in the settlement hereof is not to be construed as an admission of liability on the part of the defendants nor the released parties, all of whom deny liability of any nature or kind.

11. Petitioner further represents that she will pay and/or extinguish all subrogation or lien holder interest as to any claim herein released, including but not limited to any and all medical liens, Medicaid liens, healthcare liens, healthcare insurance liens, funeral expense liens, and any other liens including past, present, and future liens and further agrees to forever hold harmless, indemnify, and defend the defendants and the released parties as to any claims herein released which have existed, now exist, or may later come into existence against any of the defendants and

the release parties, including but not limited to any and all medical liens, Medicaid liens, healthcare liens, healthcare insurance liens, funeral expense liens, and any and all other liens including past, present and future liens.

12. The petitioner further agrees to forever hold harmless, indemnify, and defend the defendants and the released parties from any and all debts, claims, actions, causes of action, all other claims, suits, indemnity claims, claims against the estate, claims of or from any and all statutory beneficiaries, claims in regard to the distribution and/or disbursement of the settlement proceeds, damages, judgments, and/or demands whatsoever, in law or equity, which have existed, now exist or may later come into existence against the released parties arising out of or in any way related to the above-referenced claims. The petitioner has agreed that $1,000.00 of the total sum described hereinabove shall be allocated as consideration received for a contractual confidentiality provision, which will not prohibit either Vilma Mena or the Estate from making any and all necessary disclosures to legal counsel, tax professionals or any financial planning or securities professionals.

13. The settlement proceeds shall be paid as the full and complete settlement and satisfaction of the past, present, and future claims against the defendants and the release parties for any expenses which are not now know and which may later develop.

14. The petitioner understands that under South Carolina Code Ann. §15-51-42(E) (2005) once the settlement agreement has been approved by the court, the defendants and the released parties are relieved and discharged from further liability and shall have no obligation or legal duty to see to the appropriate and proper distribution of the settlement proceeds among either the wrongful death beneficiaries or those entitled to the proceeds of the survival action. Upon approval of the court, the obligations of the released parties are fully and completely released and finally and forever discharged from any further responsibility.

WHEREFORE, plaintiff prays that this Court hear the parties and/or their representatives and issue its order approving payment of the sum four hundred thousand dollars and 00/100 ($400,000.00) Dollars as specified above, upon which payment the defendants and released parties will be fully relieved of any and all liability to the plaintiff.

_____
Vilma Mena, as Administratrix of the Estate of Jose Luis Mena, Jr.,

_____9-16-08_____
Date

5

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

Case No.: 4:06-cv-02536-TLW-TER

## VERIFICATION

PERSONALLY appeared before me Vilma Mena, who, being duly sworn, deposes and says that she is the petitioner in the foregoing proceedings; that she has read the allegations set forth in the foregoing Petition, and the same are true and correct to the best of her knowledge, information, and belief.

_____
Vilma Mena, as Administratrix of the Estate of Jose Luis Mena, Jr.

9 - 16 - 8
Date

Sworn to and subscribed before me this
16th day of ~~August~~ September, 2008.
_____(L.S.)
Notary Public for South Carolina
My Commission Expires: 1/18/16

6

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

Case No.: 4:06-cv-02536-TLW-TER

## ATTORNEY'S CERTIFICATE

I hereby certify that I, Darra J. Coleman, Esquire and/or Charles S. Gwynne, Esquire as attorney for the petitioner, have considered the proposed settlements set forth hereinabove and am of the opinion that the settlement is fair and reasonable and in the best interest of the statutory beneficiaries and the estate of the decedent and recommend that the settlement be approved by this Court.

Respectfully submitted,

*/s/ Darra J. Coleman*

Darra J. Coleman, Esquire
Charles S. Gwynne, Esquire
Rogers Townsend & Thomas, PC
PO Box 100200 (29202)
220 Executive Center Drive, Suite 109
Columbia, South Carolina 29210

September 16, 2008
Date